ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 11 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AGAPITO PETE MENDOZA § § Petitioner, § § VS. § § DOUGLAS DRETKE, Director § Texas Department of Criminal Justice, § Correctional Institutions Division § § Respondent. § | NO. 3-05-CV-0042-K |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Agapito Pete Mendoza, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

### I.

Petitioner was convicted by a jury of aggravated sexual assault of a child under 14 years of age. Punishment was assessed at 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Mendoza v. State*, 2002 WL 31429766 (Tex. App.--Dallas, Oct. 31, 2002, pet. ref'd). An application for state post-conviction relief was denied without written order. *Ex parte Mendoza*, No. 59,723-01 (Tex. Crim. App. Nov. 4, 2003). Petitioner then filed this action in federal court.

### II.

Petitioner raises three broad issues in multiple grounds for relief. Succinctly stated, petitioner contends that: (1) there was "no evidence" to support his conviction; (2) he was denied due process

because his conviction was based on unsubstantiated expert testimony; and (3) he received ineffective assistance of counsel.

A.

As a preliminary matter, respondent contends that petitioner's "no evidence" claim, due process claim, and one of his ineffective assistance of counsel claims are procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of a federal constitutional claim. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Smith v. Black*, 970 F.2d 1383, 1386 (5th Cir. 1992), *cert. denied*, 115 S.Ct. 151 (1994).

Two such rules are implicated in this case. First, it is well-settled under Texas law that the sufficiency of the evidence cannot be attacked for the first time on state collateral review. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Ex parte Adams*, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989).[1] Second, article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas

---

[1] Texas law permits a defendant to raise a "no evidence" claim for the first time on collateral review where the conviction is totally devoid of any evidentiary support. *See Ex parte Barfield*, 697 S.W.2d 420, 421 (Tex. Crim. App. 1985); *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978). However, where a defendant merely challenges the sufficiency of the evidence to support a conviction, such a claim must be raised on direct appeal. *See Ex parte Williams*, 703 S.W.2d 674, 679-80 (Tex. Crim. App. 1986). Here, petitioner tacitly concedes that there was some evidence to support his conviction. The crux of his claim is that the state failed to present any physical evidence or

petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[2] The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

Although petitioner challenged the *factual sufficiency* of the evidence on direct appeal, he did not raise a *legal sufficiency* or "no evidence" claim in that proceeding. Instead, petitioner presented his legal sufficiency claim for the first time on state collateral review. The Texas Court of Criminal Appeals rejected the claim and denied relief without written order. (*See* St. Hab. Tr. at

---

eyewitness testimony to corroborate outcry statements made by the child victim. (*See* Pet. Mem. Br. at 10-12). Such an argument implicates the sufficiency of the evidence and cannot be litigated under the guise of a "no evidence" claim. *See Gardner v. Dretke*, 2004 WL 2008499 at *1 n.1 (N.D. Tex. Sept. 8, 2004), *rec. adopted*, 2004 WL 2187110 (N.D. Tex. Sept. 28, 2004), *citing Williams*, 703 S.W.2d at 679-80.

[2] The statute provides, in relevant part, that:

> (a)　If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1)　the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)　by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

39). This disposition suggests that the court's decision was based on adequate and independent state grounds. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("[W]here an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable."). Consequently, petitioner's legal sufficiency claim is barred from federal habeas review. *Renz*, 28 F.3d at 432; *see also Clark v. Dretke*, 2003 WL 23194586 at *3 (N.D. Tex. Oct. 28, 2003), *rec. adopted*, 2003 WL 23015087 (N.D. Tex. Nov. 14, 2003), *appeal dism'd*, No. 03-11321 (5th Cir. Mar. 24, 2004).[3]

Petitioner did not raise a due process claim based on unsubstantiated expert testimony on direct appeal or in his state writ. Nor did he challenge his conviction on the ground that counsel was ineffective for allowing him to incriminate himself. No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with these claims for the first time in a successive habeas petition, would likely find them barred under article 11.07. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

B.

Petitioner also complains that his court-appointed lawyer: (1) failed to cross-examine two expert witnesses; (2) did not file a motion in limine to exclude evidence of extraneous offenses; and (3) failed to call his former in-laws as witnesses. These claims are properly exhausted and will be considered on the merits.

---

[3] To the extent petitioner attempts to challenge the factual sufficiency of the evidence on federal constitutional grounds, such a claim is not cognizable under 28 U.S.C. § 2254. *See Tanksley v. Dretke*, 2004 WL 1109458 at *2 (N.D. Tex. May 13, 2004), *rec. adopted*, 2004 WL 1238224 (N.D. Tex. Jun. 3, 2004); *Pruitt v. Cockrell*, 2001 WL 1115339 at *13-14 (N.D. Tex. Sept. 14, 2001).

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). That right is denied when the performance of counsel falls below an objective standard of reasonable professional assistance and thereby prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2068. *See also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was fundamentally unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2534-35, 156 L.Ed.2d 471 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins*, 123 S.Ct. at 2535, *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

2.

Petitioner was charged with sexually assaulting his six year-old stepdaughter by penetrating her female sexual organ with his finger. (*See* St. App. Tr. at 2). At trial, the child, who by then was 10 years old, testified to four separate incidents of sexual assault. (SF-III at 7-13, 17). The state also called petitioner's former wife and the child's mother, Elisa Mendoza, and two expert witness during its case-in-chief. Dr. Janet Squires, director of general pediatrics at Children's Medical Center, testified that the child was examined by a doctor for evidence of sexual abuse. Although the results of that examination were normal and all tests for sexually transmitted diseases were negative, Squires emphasized that it is not unusual for a child who has been molested to exhibit no signs of trauma. (SF-IV at 13-18). Molly Kuzmich, a child psychologist and licensed professional counselor,

worked with the child to overcome problems related to sexual abuse. On direct examination, Kuzmich testified that the child "had a lot of complicated feelings, particularly about her father, which is very common. Loving him and missing him but at the same time wanting the bad things to stop, and feeling very uncomfortable about what had happened." (*Id.* at 26). She further testified that the child appeared "overly mature for her age" and had "commonalities with children who have been reported to have been sexually abused." (*Id.* 25). Kuzmich was not concerned that the child was being coached by family members or fabricated her testimony. (*Id.* at 27-29).

Defense counsel did not cross-examine Squires or Kuzmich. Petitioner now challenges that strategy, arguing that his attorney should have questioned these witnesses. With regard to Squires, petitioner suggests that counsel should have noted: (1) that her records were incomplete; (2) that she never personally examined the child; (3) that the attending physician did not sign the report; and (4) that all tests for sexual and physical abuse were negative. (*See* Pet. Mem. Br. at 18). However, those facts were presented to the jury on direct examination. (SF-IV at 10, 16-17). Thus, petitioner was not prejudiced by counsel's failure to cross examine this witness.

Nor was petitioner prejudiced by the strategic decision not to cross-examine Kuzmich. Although petitioner believes his attorney could have elicited favorable evidence had he asked Kuzmich to elaborate on her testimony, such speculation does not merit habeas relief. *See Hereford v. Cockrell*, 2003 WL 21999497 at *7 (N.D. Tex. Aug. 21, 2003), *rec. adopted by* 2003 WL 22387573 (N.D. Tex. Oct. 16, 2003) (citing cases) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient). Instead of risking unfavorable testimony on cross-examination, counsel wisely chose to emphasize the weaknesses in the state's case during closing argument. Among those weaknesses were the absence of any physical evidence, the child's lack of credibility, and the motivation of his ex-wife in coaching their daughter. (*See* SF-IV at 68-74).

Petitioner has failed to overcome the strong presumption that counsel's decision not to cross-examine Squires and Kuzmich was "sound trial strategy." *See Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir.), *cert. denied*, 120 S.Ct. 369 (1999) (an informed decision based on trial strategy cannot be the basis for an ineffective assistance of counsel claim unless the decision was "so ill chosen that it permeates the entire trial with obvious unfairness").

3.

Petitioner also complains that his attorney did not file a motion in limine to preclude evidence that he failed to appear at a prior trial setting and had a misdemeanor conviction for family violence. However, the record shows that counsel filed an omnibus pretrial motion requesting, *inter alia*, "a hearing outside the presence of the jury before any evidence of extraneous transactions or evidence of other crimes, wrongs, or acts allegedly committed by the defendant, . . . is offered by the State[.]" (St. App. Tr. at 78, ¶ 6). Although the motion was granted, the state later convinced the trial court to allow evidence that petitioner forfeited his bond for failure to appear and had a prior conviction for family violence. (SF-IV at 31-33). That ruling was affirmed on direct appeal. *Mendoza*, 2002 WL 31429766 at *3. Clearly, defense counsel was not ineffective in this regard.

4.

Finally, petitioner contends that his attorney should have called his former father in-law, Joe Flores, and his former mother in-law, Kim Toppah, as witnesses. In an unsworn declaration, Flores states that he is currently serving a 45-year prison sentence for sexually abusing his own daughter. Flores blames his ex-wife, Toppah, who is the mother of petitioner's former wife, Elisa, of "us[ing] the legal system to send me here after she learned that I had been unfaithful to her." (Flores Aff. at 1). He suspects that Toppah conspired with Elisa to fabricate the charges against petitioner because "she was angry with him for leaving our daughter." (*Id.*).

The court can only speculate as to why counsel never called Flores and Toppah as defense witnesses. However, petitioner cannot show prejudice in any event. At trial, petitioner testified that Toppah threatened to "put me in prison for a sex charge." (SF-IV at 38). Another witness, Augustine Miranda, testified that she overheard the threat. (*Id.* at 60-61). Thus, this evidence was squarely before the jury.

5.

The state habeas court found that petitioner "has failed to meet his burden of proof to establish that he did not receive effective assistance of counsel." (St. Hab. Tr. at 40). That finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact); *Webb v. Dretke*, 2003 WL 23139446 at *3 (N.D. Tex. Dec. 31, 2003) (same). Petitioner has not offered any evidence, much less clear and convincing evidence, that the performance of his attorney was deficient or that he was prejudiced thereby. Consequently, these grounds for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

DATED: May 11, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE