IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AGAPITO PETE MENDOZA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0042-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ORDER**

Petitioner Agapito Pete Mendoza, Jr., appearing *pro se*, has filed a motion for reconsideration of the July 13, 2005 order adopting the magistrate judge's report and recommendation denying his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The only argument that merits discussion is that the magistrate judge improperly determined that petitioner failed to exhaust available state remedies with respect to one of his ineffective assistance of counsel claims. At issue is the claim that defense counsel allowed petitioner to incriminate himself when testifying during the punishment phase of the trial. Petitioner first raised this claim in a "response" filed in the state habeas case. The "response" was filed directly with the Texas Court of Criminal Appeals and was never presented to the trial court as required by Tex. Code Crim. Proc. art. 11.07, § 3.[1] The court therefore questions whether petitioner presented this claim to the Texas courts in a procedurally

---

[1] Under Texas law, an application for writ of habeas corpus filed after a final conviction in a felony case "must be filed with the clerk of the court in which the conviction being challenged was obtained[.]" Tex. Code Crim. Proc. Ann. art. 11.07, § 3(b). The convicting court then reviews the writ and the state's answer to determine whether there are any controverted, previously unresolved facts. Contested issues, such as whether the defendant received ineffective assistance of counsel, may be resolved by way of affidavits, depositions, or an evidentiary hearing. *Id.* art. 11.07, § 3(d). After the convicting court makes findings of fact and conclusions of law, the entire record is transmitted to the Texas Court of Criminal Appeals. *Id.*

correct manner. Nevertheless, because petitioner is not entitled to relief in any event, the court will consider his self-incrimination claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Petitioner testified during the guilt/innocence phase of the trial and denied sexually assaulting his six year-old stepdaughter. (SF-IV at 35). After the jury returned a guilty verdict, petitioner testified at the punishment hearing in support of his request for probation. (SF-V at 5-12). On cross-examination, the prosecutor repeatedly asked petitioner if he accepted responsibility for his actions. (*Id.* at 12-14). Petitioner was equivocal in his answer, finally admitting that he would do "whatever it takes" to get a lighter sentence. (*Id.*). He now criticizes defense counsel for failing to object to this line of questioning and for not protecting his Fifth Amendment rights.

The Fifth Amendment privilege against self-incrimination applies to the sentencing phase of a non-capital case if the defendant has a legitimate fear of incriminating himself. *See United States v. Hernandez*, 962 F.2d 1152, 1161 (5th Cir. 1992). However, that right, like all other constitutional rights, may be waived by the defendant. Petitioner has failed to show that his decision to testify at the punishment phase of the trial was anything but informed and voluntary. Rather, the decision to have petitioner testify appears to have been part of a reasonable trial strategy focused on counsel's efforts to obtain probation for his client. Petitioner already had been found guilty of aggravated sexual assault and did not further incriminate himself by his testimony. Because petitioner was questioned by his attorney on direct examination, he was subject to cross-examination by the prosecutor. There was no legitimate basis for counsel to object to that line of questioning.

For these reasons, the court determines that petitioner did not receive ineffective assistance of counsel. This ground for relief is overruled. Petitioner's motion for reconsideration is denied.

SO ORDERED.

DATED: September 12, 2005.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS