IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AGAPITO PETE MENDOZA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0042-M |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Agapito Pete Mendoza, appearing *pro se*, has filed a Rule 60(b) motion for relief from judgment. For the reasons stated herein, the motion should be denied.

I.

Petitioner was convicted by a jury of aggravated sexual assault of a child and sentenced to 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Mendoza v. State*, No. 05-01-01816-CR, 2002 WL 31429766 (Tex. App.--Dallas, Oct. 31, 2002, pet. ref'd). Petitioner also filed applications for post-conviction relief in state and federal court. His state writ was denied without written order. *Ex parte Mendoza*, No. 59,723-01 (Tex. Crim. App. Nov. 4, 2003). The federal writ was denied on the merits. *Mendoza v. Dretke*, No. 3-05-CV-0042-M, 2005 WL 1124513 (N.D. Tex. May 11, 2005), *rec. adopted*, 2005 WL 1639330 (N.D. Tex. Jul. 13, 2005), *recon. denied*, 2005 WL 2219245 (N.D. Tex. Sept. 12, 2005), *appeal dism'd*, No. 05-11125 (5th Cir. Nov. 8, 2005).

Petitioner now seeks an order vacating the judgment dismissing his appeal as untimely. While acknowledging that his *pro se* notice of appeal was filed one day late, petitioner maintains that he should be held to a "less stringent standard" because neither he nor the inmate assisting him with his appeal are attorneys.

## II.

The court initially observes that petitioner does not seek to vacate the judgment denying his application for writ of habeas corpus. Nor does he complain of the denial of a full and fair hearing before the district court or ask this court to alter any of its rulings. Instead, petitioner seeks relief from the judgment dismissing his appeal as untimely. In such circumstances, the Fifth Circuit has held that a Rule 60(b) motion is not a substitute for a timely appeal. *See Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1208 (2003) (citing cases). This is particularly true when, as here, the rules provide a party specific limited relief from the requirement to timely file a notice of appeal. *Id.* Under Fed. R. App. P. 4(a)(5), the court may grant a 30-day extension of time for filing a notice of appeal if the appellant establishes "good cause" or "excusable neglect." However, such a motion must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." *See* FED. R. APP. P. 4(a)(5)(A)(i). A Rule 60(b) motion cannot be used to circumvent the limited relief available under Rule 4(a)(5) or to extend the time for appeal. *Dunn*, 302 F.3d at 493; *see also United States v. O'Neil*, 709 F.2d 361, 372 (5th Cir. 1983).

In this case, petitioner's notice of appeal was due no later than October 13, 2005--30 days after entry of the order denying his motion for reconsideration. Petitioner missed that deadline by one day and did not seek an extension of time to file a notice of appeal until November 21, 2005--

more than 30 days after his notice of appeal was due.[1]  His Rule 60(b) motion was not filed until August 14, 2006--nearly eight months later.  Even if petitioner was able to establish "good cause" or "excusable neglect" for the failure to timely file a notice of appeal, the court is powerless to grant an extension beyond the 30-day time period established by Rule 4(a)(5).  *See Dunn*, 302 F.3d at 492-93.

### RECOMMENDATION

Petitioner's Rule 60(b) motion for relief from judgment [Doc. #26] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   September 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  Because petitioner did not file a motion for extension of time until after his appeal had been dismissed, the court directed the clerk to transmit the motion to the Fifth Circuit for appropriate action.  *See* Order, 12/6/05.