IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AGAPITO PETE MENDOZA | § § § | |
| Petitioner, | § § | |
| VS. | § § | NO. 3-05-CV-0042-M |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Agapito Pete Mendoza, a Texas prisoner, has filed an application for writ of coram nobis. For the reasons stated herein, the application should be denied.

In 2001, a jury convicted petitioner of aggravated sexual assault of a child and sentenced him to 25 years confinement. His conviction and sentence were affirmed on direct appeal and upheld on state collateral review. *Mendoza v. State*, No. 05-01-01816-CR, 2002 WL 31429766 (Tex. App.--Dallas, Oct. 31, 2002, pet. ref'd); *Ex parte Mendoza*, No. 59,723-01 (Tex. Crim. App. Nov. 4, 2003). An application for federal habeas relief was denied on the merits. *Mendoza v. Dretke*, No. 3-05-CV-0042-M, 2005 WL 1124513 (N.D. Tex. May 11, 2005), *rec. adopted*, 2005 WL 1639330 (N.D. Tex. Jul. 13, 2005), *recon. denied*, 2005 WL 2219245 (N.D. Tex. Sept. 12, 2005), *appeal dism'd*, No. 05-11125 (5th Cir. Nov. 8, 2005). Dissatisfied with the outcome of his federal habeas case, petitioner now seeks a writ of coram nobis on the ground that the magistrate judge deliberately avoided one of his claims challenging the admission of extraneous offense evidence.

The extraordinary remedy of coram nobis may be appropriate when the petitioner is no longer in custody but "can demonstrate that he is suffering from civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994), *quoting United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989). *See also United States v. Smith*, 331 U.S. 469, 476 n.4, 67 S.Ct. 1330, 1334 n.4, 91 L.Ed. 1610 (1947) ("It is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."). Because petitioner is still in custody, relief by way of coram nobis is unavailable.[1]

## RECOMMENDATION

Petitioner's application for a writ of coram nobis [Doc. #36] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The court also notes that a federal district court cannot grant coram nobis relief with respect to a state court judgment. *See Williams v. 363rd Judicial Dist. Court*, No. 3-03-CV-0900-D, 2003 WL 21394575 at *2-3 (N.D. Tex. May 22, 2003), *rec. adopted*, 2003 WL 21445314 (N.D. Tex. Jun. 17, 2003), *quoting Sinclair v. State of Louisiana*, 679 F.2d 513, 515 (5th Cir. 1982) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis . . .").

DATED: January 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE